# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,)
)
                        Plaintiff,)      Case No. 2:07-cr-00145-KJD-PAL
)
vs.)      **ORDER**
)
JAMES MILTON WALLIS,)      (M/Sever - Dkt. #579)
)      (M/Joinder - Dkt. #580)
                        Defendant.)

Before the court is defendant James Milton Wallis' Renewed Motion to Sever or, in the Alternative, Motion *In Limine* to Exclude the Out-of-Court Statements of Co-Defendant Jason Inman (Dkt. #579). The court has considered the motion and the government's Response (Dkt. #638). Ronnie Lee Jones filed a Joinder (Dkt. #580).

## BACKGROUND

On May 20, 2008, a grand jury returned a fourteen-count superseding indictment against Wallis and twelve co-defendants. Wallis is charged in three of the fourteen counts of the superseding indictment with RICO conspiracy, violent crime in aid of racketeering involving an assault with a dangerous weapon upon former co-defendant Guy Almony, and drug conspiracy.

In his Renewed Motion to Server (Dkt. #579), Wallis seeks an order either severing his trial or, in the alternative, excluding inculpatory out-of-court statements made by co-defendant Jason Inman. Although not entirely clear, it appears Wallis' renewed motion seeks a severance of his trial from the trial of co-defendant Inman and not all of his other co-defendants. Counsel for Wallis has learned through discovery and in reviewing a Report and Recommendation (Dkt. #551) denying Inman's motion to suppress that Inman has made inculpatory statements implicating all Aryan Warriors in criminal activity. Citing Crawford v. Washington, 541 U.S. 36 (2004), Wallis argues that it would be

1  a violation of his Sixth Amendment right to confront and cross-examine witnesses to require him to
2  stand trial with co-defendant Inman if Inman's statements are admitted in evidence, and he is unable to
3  cross examine Inman.  Wallis argues that Inman's out-of-court statements implicate him as a member
4  of the Aryan Warriors gang without mentioning him by name.  Inman's statements specifically name
5  and implicate co-defendants Sieber and Sellers, attributing criminal activity to both of them.  In the
6  alternative, Wallis asks that the court exclude out-of-court statements Inman made to law enforcement
7  officers on January 19 and 20, 2009 which are referred to in the court's Report of Findings and
8  Recommendation (Dkt. #551).

9       The government opposes the motion to sever on grounds previously raised in the Opposition to
10 the Defendant's Motion to Sever (Dkt. #326).  The government argues that Inman's statement about the
11 Aryan Warriors "is of no consequence to defendant Wallis and Jones."  Citing Richardson v. Marsh,
12 481 U.S. 200 (1987), the government argues that a non-testifying co-defendant's inculpatory statements
13 are admissible in a joint trial if (1) the statements are redacted to remove the names of the other
14 defendants; and (2) the court gives the jury a limiting instruction.  The government also argues that
15 Wallis' "general inculpation" arguments about the Aryan Warriors gang is insufficient to trigger the
16 *Bruton* rule and that Crawford does not preclude admission of Inman's statements in a joint trial
17 because Inman's admissions will not be offered against Wallis, and any potential prejudice to Wallis
18 can be cured by a limiting instruction.  Co-defendant Inman reached a plea agreement with the
19 government and pled guilty on May 14, 2009 after the government's Response was filed.

20      Accordingly,

21      **IT IS ORDERED** that Wallis' Renewed Motion to Sever (Dkt. #579) and Jones' Motion for
22 Joinder (Dkt. #580) are both **DENIED AS MOOT.**

23      Dated this 18th day of May, 2009.

25                                                      _____
                                                        PEGGY A. LEEN
26                                                      UNITED STATES MAGISTRATE JUDGE